**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HOPE TURNER,**

    **Plaintiff,**

**vs.**                                                             **Case No. 4:08cv212-SPM/WCS**

**WARDEN ZICKEFOOSE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prisoner, has filed a civil rights complaint, doc. 1, a motion for leave to proceed *in forma pauperis*, doc. 2, and a motion to appoint counsel, doc. 3. Even before a ruling could be entered on the *in forma pauperis* motion, doc. 2, Plaintiff sent in a $3.00 initial partial filing fee. Doc. 4.

There are several problems with this action. The initial complaint, doc. 1, including the failure to provide numbered paragraphs as required by Fed. R. Civ. P. 10(b). Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Plaintiff does not use numbered paragraphs and should be required to

do so. Moreover, Plaintiff's compliant was filed on § 1983 claims. However, Plaintiff is a federal prisoner complaining about events in a federal prison and, therefore, the complaint must be filed on 28 U.S.C. § 1331 forms.

Additionally, the *in forma pauperis* motion has not yet been granted, even though Plaintiff submitted an initial partial filing fee. Ruling on Plaintiff's motion should not be made by this Court at this time, however, because the primary problem with this action is that venue is not appropriate in this Court.

Plaintiff's action concerns events at her former prison in Danbury, Connecticut. The Defendants are all in Danbury, Connecticut as well. Because Danbury is located in the United States District Court for the District of Connecticut, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b)[1] and 28 U.S.C. § 86 is in the United States District Court for the District of Connecticut.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* Lipofsky, 861 F.2d at

---

[1] That statute provides that a civil action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed. The District Court in Connecticut should address the need for an amended complaint and *in forma pauperis* motion in accordance with its own procedures.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the District of Connecticut for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2008.

　　　　　　　　　　　　　　　　 s/    William C. Sherrill, Jr.
　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**